IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

CONNIE ANDERSON, et al.              )
                                     )
v.                                   ) NO. 3:06-0324
                                     ) JUDGE CAMPBELL
CLARKSVILLE MONTGOMERY               )
COUNTY SCHOOL SYSTEM, et al.         )

MEMORANDUM

Pending before the Court are Defendants' Motion to Dismiss Plaintiffs' Claims Made

Against Sandra Husk, Director of Schools, in her Official Capacity (Docket No. 22) and Defendants'

Motion to Dismiss Plaintiffs' Claims Under the Tennessee Constitution (Docket No. 24).

For the reasons stated herein, Defendants' Motion to Dismiss Plaintiffs' Claims Made

Against Sandra Husk, Director of Schools, in her Official Capacity (Docket No. 22) is GRANTED,

and Defendants' Motion to Dismiss Plaintiffs' Claims Under the Tennessee Constitution (Docket

No. 24) is DENIED.

FACTS

In this action, Plaintiffs allege that Defendants violated Plaintiffs' rights under both the

United States and the Tennessee Constitutions.  Plaintiffs claim that Defendants have held

mandatory meetings for their employees, including Plaintiffs, and presented only one side of the

issue of union membership at those meetings, in violation of Plaintiffs' rights to freedom of speech

and freedom of association and Plaintiffs' rights to equal protection.

Defendants argue that Plaintiffs cannot bring an action against Defendant Husk in her official

capacity because those claims are actually claims against the real party in interest, Defendant

Clarksville/Montgomery County School System.  Defendants also contend that Plaintiffs' claims

based upon the Tennessee Constitution must be dismissed because there is no private right of action under the Tennessee Constitution.

## MOTIONS TO DISMISS

In considering a motion to dismiss for failure to state a claim on which relief can be granted, the court must accept as true all factual allegations in the complaint. Broyde v Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id.

A motion to dismiss for failure to state a claim upon which relief can be granted must be viewed in the light most favorable to the party opposing the motion. State of Ohio ex rel. Fisher v. Louis Trauth Dairy, Inc., 856 F.Supp. 1229, 1232 (S.D. Ohio 1994). The purpose of a motion to dismiss for failure to state a claim is to allow the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).

## OFFICIAL CAPACITY

Defendants in their official capacities are not recognized as "persons" under Section 1983. Gean v. Hattaway, 330 F.3d 758, 766 (6th Cir. 2003). Official capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent. O'Donnell v. Brown, 335 F.Supp.2d 787, 815 (W.D. Mich. 2004). "It is not a suit against the official personally, for the real party in interest is the entity." Id. Defendant Husk is the Director of Schools for the Clarksville/Montgomery County School System, sued in her official capacity only, so the claims against her are really claims against the governmental entity.

2

As a result of being sued only in her official capacity, Defendant Husk cannot claim any personal immunities, such as qualified immunity, to which she might be entitled if sued in her individual or personal capacity. Alkire v. Irving, 330 F.3d 802, 810-811 (6th Cir. 2003). The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity may possess, such as the Eleventh Amendment. Id. at 811.

The Clarksville Montgomery County School System is not an arm of the state entitled to Eleventh Amendment immunity because the bar of the Eleventh Amendment does not extend to counties and similar municipal corporations. Alkire, 330 F.3d at 811 (citing Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977), in which the Court held that a local school board was not entitled to Eleventh Amendment immunity); see also Webb v. Wilson County Bd. of Educ., 2006 WL 626188 at * 5 (M.D. Tenn. March 10, 2006) ("Generally speaking, the protection of the Eleventh Amendment does not extend to counties and similar municipal corporation and political subdivisions of the state.").

Thus, given this lack of immunity, there is no need to bring official capacity actions against local government officials because local governments, including local school boards, can be sued directly for both damages and injunctive or declaratory relief. Kentucky v. Graham, 473 U.S. 159, n. 14 (1985); Deberry v. Board of Educ. of Henderson County Schools, 2005 WL 2175434 at * 5 (W.D. Tenn. Sept. 2, 2005).

It is true that state officials may be sued in their official capacity for injunctive relief, pursuant to the doctrine of Ex Parte Young, 209 U.S. 123 (1908). Because Plaintiffs here can and have sued for injunctive relief against the governmental entity directly, however, Ex Parte Young is not applicable.

3

For these reasons, Defendants' Motion to Dismiss the official capacity claims against Defendant Husk is GRANTED, and those claims are DISMISSED.

## TENNESSEE CONSTITUTION

Plaintiffs have alleged that Defendants violated Plaintiffs' rights to freedom of speech and association and equal protection under the Tennessee Constitution. Defendants claim there is no private right of action under the Tennessee Constitution, citing Cline v. Rogers, 87 F.3d 176 (6th Cir. 1996), which held that Tennessee does not recognize a private cause of action for violations of the Tennessee Constitution. Id. at 179.

Plaintiffs argue that there is a private right of action under the Tennessee Constitution where, as here, the remedy sought is injunctive relief rather than money damages. Plaintiffs cite Planned Parenthood of Middle Tennessee v. Sundquist, 38 S.W.3d 1 (Tenn. 2000), in which the Tennessee Supreme Court granted injunctive relief after declaring certain state statutes unconstitutional under the Tennessee Constitution. Even though there is no authority for the recovery of damages for a violation of the Tennessee Constitution, Lee v. Ladd, 834 S.W.2d 323, 325 (Tenn. Ct. App. 1992), the Court has the inherent power to enjoin unconstitutional conduct. The plaintiffs in both Cline and Lee sought money damages, not injunctive relief.

Accordingly, Defendants' Motion to Dismiss Plaintiffs' claims under the Tennessee Constitution is DENIED.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (Docket No. 22) is GRANTED, and Defendants' Motion to Dismiss (Docket No. 24) is DENIED. Plaintiffs' claims against

4

Defendant Husk in her official capacity are DISMISSED. This case is set for trial by contemporaneous Order.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

5